## BROWN v. WASHINGTON FIDELITY NAT. INS. CO.

No. 14729.

Court of Appeal of Louisiana. Orleans.

Dec. 11, 1933.

Harry R. Cabral, of New Orleans, for appellant.

Clarence E. Strauch and Geo. P. Nosacka, both of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on a policy of industrial life insurance. Plaintiff was named beneficiary. His mother, Nelia Brown, was the insured. The issuance of the policy and the death of the insured are admitted, but liability is denied; defendant company asserting that because of the nonpayment of certain premiums the policy had "lapsed" and had not been reinstated.

There was judgment in the trial court in favor of the plaintiff for the amount of the policy, $114. Defendant has appealed.

Plaintiff, John Brown, was also named beneficiary in another policy which had been issued by defendant company on the life of plaintiff's mother-in-law, Millie Parker, and had been in the habit of paying premiums on both policies.

Until October 24, 1932, it is conceded that there had been no default and that, at that time, both policies were in full force and effect.

There were in each policy stipulations under which it was provided that after a "grace" period of four weeks the policy should "lapse" in the event of nonpayment of premiums, and the record shows that both policies, that on the life of Nelia Brown which is now sued on, and that on the life of Millie Parker, were thus allowed to "lapse" subsequent to October 24, 1932.

In each of the policies there were set forth conditions upon compliance with which reinstatement might be effected, and, after both policies had lapsed, the collecting and soliciting agent of defendant called upon plaintiff and suggested to him that the past-due premiums be paid and that the policies be reinstated or revived. Plaintiff felt that he could not afford to reinstate both policies, but he did decide to comply with the conditions on one of them and gave to the agent the necessary payment. The agent issued to him a receipt for the said money and wrote upon it the words, "revival only." This receipt stated that it was given in connection with the policy on the life of Nelia Brown, which is the one now sued on.

This receipt was issued on January 25, 1933. Nelia Brown died on March 7, 1933.

When plaintiff called upon defendant for the proceeds of the policy, payment was refused; defendant taking the position that the policy which had been reinstated was that on the life of Millie Parker and not that on the life of Nelia Brown.

It is maintained by defendant that when plaintiff paid the past-due premiums and obtained the "revival" receipt bearing the name of Nelia Brown, he was advised by the agent that that receipt was issued only conditionally, and that no revival or reinstatement of that policy would be consummated until the agent was afforded an opportunity to see Nelia Brown and to determine whether she was in sound health, and that, when no such opportunity presented itself—Nelia Brown being out of the city—plaintiff told the agent to let the payment be used to reinstate the policy on the life of Millie Parker instead, and that the agent, having seen Millie Parker and having found her in sound health, took the necessary steps to reinstate her policy instead of that on the life of Nelia Brown.

Defendant contends that no action on the part of its agent could have the effect of waiving, modifying, or changing the provisions of the policy regarding reinstatement and, in support of this contention and of its assertion that there could be no reinstatement without proof of sound health of the assured, points to the following policy stipulations:

"This policy constitutes the entire agreement between the Company and the Insured and the holder and owner hereof. Its terms cannot be changed, or its conditions varied, except by the express agreement of the Company evidenced by the signature of its President or Secretary. Therefore, Agents (which term includes also Managers and Field Superintendents) are not authorized and have no power to make, alter, or discharge contracts, to waive forfeitures or to receive premiums on Policies more than four weeks in arrears, or to receipt for the same, and the payment to an Agent of any such arrears shall be at the sole risk of the Person making such payment and shall not be credited as a payment upon the Policy, whether receipt be given for such payment or not.

"If any payment under this Policy shall not be paid when due, the Policy shall lapse, subject to the provisions for Grace Period, and to the Non-Forfeiture Privileges as herein contained, and such lapse shall not be considered to have been waived by the Company in any respect by reason of the acceptance of overdue premiums upon this or any other Policy.

"A grace of four weeks shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force. If death occur within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder, but neither this concession nor the acceptance of any overdue premium shall create an obligation on the part of the Company to receive premiums which are in arrears over four weeks.

"Should this policy become void in consequence of non-payment of premiums, it may be revived if not more than fifty-two premiums are due, upon payment of all arrears and the presentation of evidence satisfactory to the Company of the sound health of the Insured, provided the cash value hereunder has not been paid."

Plaintiff denies that he agreed that the payment should be applied to the reinstatement of the Millie Parker policy and states that not only did the agent receive it and remit it to the company as a payment on the Brown policy, but that the company issued a receipt book in which future payments were to be entered and which receipt book bore the name of Nelia Brown.

It is conceded that a new book was issued, but it is claimed by defendant that this new book bore the name of Millie Parker. The book could not be produced because it was destroyed by the agent of the defendant company. He testified that it came into his possession after the death of Nelia Brown, and that when he saw it he noticed that the name had been changed from Millie Parker to Nelia Brown and that this enraged him and he destroyed it.

If the company not only received the revival premium paid in the name of Nelia Brown, but also issued a receipt book for future payments to be made on her policy, it must be held to have acquiesced in the reinstatement of that policy, so that even if the agent had no authority to waive the policy requirements, the company, itself, must have been satisfied that all requirements had been complied with.

Then, too, the agent's statement that he reinstated the Millie Parker policy because he saw her and found her in sound health is flatly contradicted by a witness for defendant who declared that, at the time the agent claimed to have seen Millie Parker in New Orleans, she was at another part of the state many miles from this city.

We feel that the acceptance by the company of the reinstatement payment made on account of the policy of Nelia Brown, the retention of that money for more than a month, and the issuance of the receipt book in the name of Nelia Brown, all evidence an intention on the part of the company to reinstate that policy. If the receipt book, which was destroyed by the agent, showed that the name thereon had been tampered with, that book would have been the best evidence of that fact, and the agent's destruction thereof must be construed, not as evidence to the effect that there was such a tampering with the name, but as evidence to the effect that the book was originally issued, as plaintiff contends, in the name of Nelia Brown.

The defendant company cannot now be heard to deny that the policy sued on was properly reinstated.

The judgment appealed from is affirmed, at the cost of appellant.

Affirmed.